IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON

THROUGHTEK CO., LTD.,

Plaintiff,

v.

ANKER INNOVATIONS CO. LTD.,
ANKER INNOVATIONS, LTD.,
ANKER TECHNOLOGY CORPORATION,
FANTANSIA TRADING LLC,
POWER MOBILE LIFE, LLC.,
AMAZON.COM INC.,
HOME DEPOT USA INC.,
MICRO CENTER INC.,
TARGET CORPORATION,
LOWE'S COMPANIES INC., and
WALMART INC.,

Defendants.

**NO. 2:23-cv-515**

**COMPLAINT FOR PATENT INFRINGEMENT**

**JURY TRIAL DEMANDED**

Plaintiff ThroughTEK Co., Ltd. (ThroughTEK), by and through its attorneys, hereby alleges for its patent infringement Complaint against Defendants Anker Innovations Co., Ltd ("Anker Changsha"), Anker Innovations Ltd. ("Anker Hong Kong"), Anker Technology Corporation ("Anker Technology"), Fantasia Trading, LLC ("Fantasia Trading"), Power Mobile Life, LLC ("Power Mobile Life"), Amazon.Com Inc. (Amazon), Home Depot USA Inc. ("Home



LAW OFFICE OF
CARL J. MARQUARDT, PLLC
1126 34TH AVENUE, SUITE 311
SEATTLE, WASHINGTON 98122-5137
(206) 388-4498

Depot”), Micro Center Inc. (“Micro Center”), Target Corporation (“Target”), Lowe’s Companies Inc. (“Lowe’s), and Walmart Inc. (“Walmart”) as follows:

**PRELIMINARY STATEMENT**

1. This is an action for infringement of Plaintiff’s United States Patent Nos. RE47,842 (the “‘842 Patent”) and 10,602,448 (the “‘448 Patent”) under the Patent Act, 35 U.S.C. § 271, based on Defendants’ unauthorized commercial manufacture, use, importation, offer for sale, and sale of networked monitoring devices including, but not limited to, networked cameras and networked video recorders (“NVRs”) in the United States.

2. ThroughTEK is the legal owner by assignment of the '842 and ‘448 Patents, which were duly and legally issued by the United States Patent and Trademark Office (USPTO). ThroughTEK seeks injunctive relief and monetary damages.

**PARTIES**

3. Plaintiff ThroughTEK is a corporation organized and existing under the laws of Taiwan with its principal place of business at 9F, No. 364, Sec. 1, Nangang Rd., Nangang Dist., Taipei City 11579, Taiwan.

4. Upon information and belief, defendant Anker Changsha is a limited company organized and existing under the laws of China, with its principal place of business at Room 701, 7/F, Block 7, Phase 1, Changsha CLP Software Park Co., Ltd., 39 Jianshan Road, Changsha High-tech Development Zone, Changsha, Hunan Province, China.

5. Upon information and belief, defendant Anker Hong Kong is a limited company organized and existing under the laws of Hong Kong, China with its principal place of business at Room 1318-19, 13/F, Hollywood Plaza, 610 Nathan Road, Mongkok, Kowloon, Hong Kong SAR, China.

6. Upon information and belief, defendant Anker Technology is a corporation organized and existing under the laws of the state of Delaware with its principal place of business in Bellevue, Washington and has an address at 10900 NE 8th Street, 5th Floor, Bellevue, WA, 98004.



LAW OFFICE OF
CARL J. MARQUARDT, PLLC
1126 34TH AVENUE, SUITE 311
SEATTLE, WASHINGTON 98122-5137
(206) 388-4498

Anker Technology's registered agent is Business Filings Incorporated, 108 W 13th Street, Wilmington, DE 19801.

7. Upon information and belief, defendant Fantasia Trading is a limited liability company organized and existing under the laws of the state Delaware, with offices located at 999 3rd Avenue, Suite 700, Seattle, WA 98104. Fantasia Trading's registered agent is Business Filings Incorporated, 108 W. 13th Street, Wilmington DE 19801. On further information and belief, Fantasia Trading is a wholly owned subsidiary of Anker Hong Kong.

8. Upon information and belief, defendant Power Mobile Life is a limited liability company organized and existing under the laws of the state of Washington, with its principal place of business at 10900 NE 8th Street, Suite 501, Bellevue WA 98004.

9. Upon information and belief, defendant Amazon is a corporation organized and existing under the laws of Delaware with its principal place of business at 410 Terry Ave. N, Seattle, WA 98109. Its registered agent is Corporation Service Company, which has an address at 251 Little Falls Dr., Wilmington, DE 19808.

10. Upon information and belief, defendant Home Depot is a corporation organized and existing under the laws of Delaware with its principal place of business at 2455 Paces Ferry Rd., Atlanta, GA 30339-4024. Its registered agent is Corporation Service Company, which has an address at 251 Little Falls Dr., Wilmington, DE 19808.

11. Upon information and belief, defendant Micro Center is a corporation organized and existing under the laws of Delaware with its principal place of business at 4119 Leap Rd. Hilliard, OH 43026. Its registered agent is Registered Agents, Ltd., which has an address 1013 Centre Rd. #403s, Wilmington, DE 19805.

12. Upon information and belief, defendant Target is a corporation organized and existing under the laws of Minnesota with its principal place of business at 1000 Nicollet Mall, Minneapolis, MN 55403. Its registered agent is C T Corporation System, which has an address at 1010 Dale St. N, St. Paul, MN 55117-5603.



LAW OFFICE OF
**CARL J. MARQUARDT, PLLC**
1126 34TH AVENUE, SUITE 311
SEATTLE, WASHINGTON 98122-5137
(206) 388-4498

13. Upon information and belief, defendant Lowe's is a corporation organized and existing under the laws of North Carolina with its principal place of business at 1000 Lowe's Blvd., Mooresville NC 28117.

14. Upon information and belief, defendant Walmart is a corporation organized and existing under the laws of Delaware with its principal place of business at 702 SW 8th St #555 Bentonville, AR 72716. Its registered agent is The Corporation Trust Company, which has an address at Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801.

**JURISDICTION AND VENUE**

15. This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 271 *et seq.*

16. This Court has subject matter jurisdiction over the matters asserted herein under 28 U.S.C. §§ 1331 and 1338(a).

17. The Defendants are subject to personal jurisdiction in this District because they have conducted and do conduct business within the United States and in this District, directly or through intermediaries, they solicit business in the State of Washington, transact business within the State of Washington and attempt to derive financial benefit from residents of the State of Washington, including benefits directly related to the instant patent infringement causes of action set forth herein.

18. Defendants directly or through intermediaries have advertised, offered to sell, sold or distributed products and induced purchasers of the products to practice methods using the products they sell that Plaintiff alleges constitutes infringement of the '842 and '448 Patents (the "Patents in Suit") in this District. Further, Defendants directly or through intermediaries have purposefully and voluntarily placed products that Plaintiff alleges infringe the Patents in Suit in the stream of commerce knowing and expecting them to be purchased and used by consumers in this District to infringe the Patents in Suit.



LAW OFFICE OF
**CARL J. MARQUARDT, PLLC**
1126 34TH AVENUE, SUITE 311
SEATTLE, WASHINGTON 98122-5137
(206) 388-4498

19. Defendants have purposefully and voluntarily offered for sale security cameras and NVRs, including the eufy® brand networked monitoring security products, on nationwide chain stores and e-commerce websites including, but not limited to, Amazon, Home Depot, Micro Center, Target, Lowe's and Walmart with the expectation that the accused infringing products will be used and sold in this District.

20. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1400(b) at least because the Defendants has committed acts of infringement in this District.

**UNITED STATES PATENT NOS. RE47,842 AND 10,602,448**

21. U.S. Patent No. RE47,842 issued on February 4, 2020. The '842 Patent is a reissue of US Patent No. 9,787,498 which issued on October 10, 2017, and claims priority to U.S. Provisional Application No. 61/812,262, that was filed on April 16, 2013. Plaintiff is the sole owner of the '842 Patent and the Patent is in full force and effect. A true and correct copy of the '842 Patent is attached as Exhibit A.

22. U.S. Patent No. 10,602,448 for "Remote Wakeup Method, Connection Server, and Networking Apparatus having Sleep Mode," issued on March 24, 2020 and has a filing date of August 24, 2017. It claims priority to Taiwanese Patent Application 105127737 that was filed on August 29, 2016. Plaintiff is the sole owner of the '448 Patent. A true and correct copy of the '448 Patent is attached as Exhibit B.

23.. The '842 and '448 Patents claim patent-eligible subject matter and are valid and enforceable.

24. Defendants are not licensed to the '842 and '448 Patents, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '842 and '448 Patents.

25. The '842 Patent is generally directed to a system and method for establishing a P2P (point-to-point or peer-to-peer) connection which involves scanning an image, such as a bar code or QR code.



LAW OFFICE OF
CARL J. MARQUARDT, PLLC
1126 34TH AVENUE, SUITE 311
SEATTLE, WASHINGTON 98122-5137
(206) 388-4498

26. The ‘448 Patent is generally directed to a remote wakeup method which uses a server to receive and process a wakeup request from a first device, and then send the processed wakeup request to a second device.

27. By way of example, Claim 12 of the ‘842 Patents reads as the follows:

A method to identify networked device for establishing a point-to point (P2P) connection, the method comprising the steps of:

(a) connecting a first networked monitoring device to a network server through the Internet, wherein the network server has a list of networked devices that are pre-registered in the network server, wherein the network server associates a corresponding identification of each networked device with a corresponding IP address of the networked device for enabling terminal devices to establish P2P connections with the plurality of networked devices;

(b) registering a first identification of the first networked monitoring device into the list of networked devices of the server;

(c) providing an image pattern comprising the first identification, wherein the image pattern is attached on the first networked monitoring device for establishing a P2P connection with the first networked monitoring device;

(d) generating a connection request signal by a terminal device when the image pattern is captured to the terminal device and transmitting the connection request signal to the network server by the terminal device through the Internet; and

(e) identifying the first networked monitoring device in the list of the networked devices of the network server to obtain the first identification according to the connection request signal and obtain the corresponding IP address of the first networked monitoring device according to the obtained first identification for establishing a P2P connection between the terminal device and the first networked monitoring device, wherein the network server respectively transmits hole-punching messages to the terminal device and the first networked monitoring device via the Internet to establish the P2P connection, and wherein the first networked monitoring device does not capture any image pattern associated with the terminal device for establishing the P2P connection between the terminal device and the first networked monitoring device.

28. Figures 1 and 3-4 of the ‘842 Patents show diagrams of an exemplary embodiment of the invention, illustrating how a P2P connection is established:



LAW OFFICE OF
**CARL J. MARQUARDT, PLLC**
1126 34TH AVENUE, SUITE 311
SEATTLE, WASHINGTON 98122-5137
(206) 388-4498




Fig. 1




Fig. 3




Fig. 4.

29. In the above embodiment, a terminal device 30, such as a cell phone, scans an image 201 on the networked monitoring device 20 for establishing a P2P connection. The terminal device



LAW OFFICE OF
CARL J. MARQUARDT, PLLC
1126 34TH AVENUE, SUITE 311
SEATTLE, WASHINGTON 98122-5137
(206) 388-4498

30 sends the P2P connection request to the server 10 upon scanning the image on the networked monitoring device. The network server 10 then sends necessary information 401 and 402 to the networked monitoring device 20 and the terminal device 30 respectively, and the P2P connection 50 is established between the networked monitoring device 20 and the terminal device 30.

30. By way of example, Claims 1, 11 and 19 of the '448 Patents read as follows:

1. A remote wakeup method, comprising: a connection server receiving a wakeup request packet from a first apparatus, wherein the wakeup request packet comprises a device identifier of a second apparatus, wherein the first apparatus is connected to the connection server via local area network or internet; the connection server obtaining wakeup information stored in the connection server according to the wakeup request packet, wherein the wakeup information stored in the connection server is the same as wakeup information stored in the second apparatus; the connection server generating an apparatus wakeup packet according to the wakeup request packet and the wakeup information, wherein the apparatus wakeup packet comprises the device identifier of the second apparatus from the wakeup request packet and the obtained wakeup information; the connection server obtaining a network address corresponding to the second apparatus from a storage unit of the connection server according to the wakeup request packet;
the connection server sending the apparatus wakeup packet to the second apparatus based on the network address, wherein wakeup feature data is a segment of data of the apparatus wakeup packet and is for determining whether the entire second apparatus be awoken.

11. A connection server, comprising:
a network module; a storage unit, which stores a network address and wakeup information that correspond to a second apparatus; and a control unit, which connects to the network module and storage unit, receives a wakeup request packet from a first apparatus through the network module, obtains the wakeup information stored in the storage unit and the network address stored in the storage unit according to the wakeup request packet, generates an apparatus wakeup packet according to the received wakeup request packet and the obtained wakeup information, and sends the generated apparatus wakeup packet to the second apparatus through the network module according to the network address, wherein the wakeup request packet comprises a device identifier of the second apparatus, and the apparatus wakeup packet comprises the device identifier from the wakeup request packet and the obtained wakeup information of the second apparatus, wherein the wakeup information stored in the connection server is the same as wakeup information stored in the second apparatus, and wherein wakeup feature data is a segment of data of the apparatus wakeup packet and is for determining whether the entire second apparatus be awoken.



LAW OFFICE OF
CARL J. MARQUARDT, PLLC
1126 34TH AVENUE, SUITE 311
SEATTLE, WASHINGTON 98122-5137
(206) 388-4498

> 19. A networking apparatus having a normal running mode and a sleep mode, comprising: a network module; a storage unit, which stores a device identifier and wakeup information; and a control unit, which connects to the network module and storage unit, and before entering the sleep mode, generates a pre-stored feature data according to the device identifier and the wakeup information and stores the pre-stored feature data in the storage unit, wherein the pre-stored feature data comprises entire data or partial data of the device identifier and the wakeup information, wherein: in the normal running mode, the control unit sends a normal login packet through the network module, to provide a network address of the networking apparatus; in the sleep mode, the control unit sleeps, but the network module still keeps running and when receiving an apparatus wakeup packet sent to the network address of the networking apparatus from a connection server and generated by the connection server, compares the pre-stored feature data and a wakeup feature data being a segment of data of the apparatus wakeup packet to determine whether to wake up the entire networking apparatus.

31. Figures 1A and 5 of the '448 Patent show diagrams of an exemplary embodiment of the invention, illustrating how a network apparatus, connection server and remote wakeup method are deployed in a network communication system with two networking devices and a connection server:




Fig. 1A



LAW OFFICE OF
**CARL J. MARQUARDT, PLLC**
1126 34TH AVENUE, SUITE 311
SEATTLE, WASHINGTON 98122-5137
(206) 388-4498




Fig. 5.

32. In the embodiment depicted above, a first apparatus 110, such as a cellular phone, sends a wakeup request packet to connection server 150, and then connection server 150 generates and sends an apparatus wakeup packet to second apparatus 130 based on the wakeup request packet.

**THE ACCUSED PRODUCTS AND METHODS**

33. Defendants manufacture, sell, offer to sell, facilitate to sell, facilitate to offer to sell, or import networked monitoring devices, including but not limited to the eufy® brand products that establish a P2P connection that involves scanning an image, such as a bar code or QR code as described and claimed by the Patents in Suit.

34. Defendants also manufacture, sell, offer to sell, facilitate to sell, facilitate to offer to sell, or import the network monitoring devices, including but not limited to the eufy® brand products that use the remote wakeup method among two devices through a connection server as described and claimed by the Patents in Suit.



LAW OFFICE OF
CARL J. MARQUARDT, PLLC
1126 34TH AVENUE, SUITE 311
SEATTLE, WASHINGTON 98122-5137
(206) 388-4498

35. The "Accused Products" include any networked monitoring device adapted to scan an image that is used to establish a P2P connection, and those networking devices through a connection server that have a remote wakeup feature, and in particular networked security cameras that use software or firmware for establishing a P2P connection associated with an image, and related services that support the establishment of the P2P connection, including but not limited to camera monitoring products and security systems sold under the eufy® brand.

36. The "Accused Methods" are the methods that are practiced using the Accused Products as recited in the claims of the '842 and '448 Patents.

## ACTS GIVING RISE TO THIS ACTION

**A. Defendant Anker Changsha**

37. Upon information and belief, Defendant Anker (Changsha) Innovations manufactures, sells, offers to sell, facilitates to sell, or facilitates to offer to sell the Accused Products to practice the Accused Methods in United States, or import the Accused Products into the United States.

38. Upon information and belief, Defendant Anker Changsha directly sells or offers to sell the Accused Products that are adapted to practice the Accused Methods including but not limited to, its cameras and network video recorders (NVRs), or through retailers including Amazon, Home Depot, Micro Center, Lowe's, Target, and Walmart.

39. The Accused Products from Defendant Anker Changsha include a software App for consumers to scan an image to establish a P2P connection between a camera and server and use the remote wakeup method as claimed in the Patents in Suit.

**B. Defendant Anker Hong Kong**

40. Upon information and belief, Defendant Anker Hong Kong, facilitates to sell, offers to sell, and/or facilitates to offer to sell the Accused Products for Defendant Anker Changsha in the United States.

**C. Defendant Anker Technology**



LAW OFFICE OF
CARL J. MARQUARDT, PLLC
1126 34TH AVENUE, SUITE 311
SEATTLE, WASHINGTON 98122-5137
(206) 388-4498

41. Upon information and belief, Defendant Anker Technology manufactures, sells, facilitates to sell, offers to sell, and/or facilitates to offer to sell the Accused Products for Co-Defendants Anker Changsha and Anker Hong Kong in the United States.

**D. Defendant Fantasia Trading**

42. Upon information and belief, Defendant Fantasia is an importer, retailer or an authorized importer/retailer for the Accused Products for Co-Defendants Anker Changsha, Anker Hong Kong and Anker Technology. On further information and belief, Fantasia is a wholly owned subsidiary of Defendant Anker Innovations.

**E. Defendant Power Mobile Life**

43. Upon information and belief, Defendant Power Mobile Life is an importer, retailer or an authorized importer/retailer for the Accused Products for Co-Defendants Anker Changsha, Anker Hong Kong, and Anker Technology. Power Mobile Life sells or offers to sell the Accused Products, including, but not limited to, Internet Protocol cameras and doorbells under the brand name "eufy," through nationwide chain stores and e-commerce companies, whose sales websites can be accessed by customers all over the United States. Exhibit C shows the Power Mobile offering for sale eufy® brand product that Plaintiff contend infringe or may be used in infringe the Patents in Suit.

44. Defendant Power Mobile Life's products or related software provide an image, and the Defendant Power Mobile Life also provides an App for consumers to scan the image for establishing a P2P connection. Exhibit D shows the eufy's® supporting document for establishing a P2P connection by scanning an image with an App. This information is also available at https://support.eufy.com/s/article/eufySecurity-Device-QR-Code-Location-and-How-to-Scan-QR-Code. (Accessed on April 3, 2023.)

45. Upon information and belief, Defendant Power Mobile Life is an importer, retailer or an authorized importer/retailer for the Accused Products for Co-Defendants Anker Changsha, Anker Hong Kong, and Anker Technology.



LAW OFFICE OF
CARL J. MARQUARDT, PLLC
1126 34TH AVENUE, SUITE 311
SEATTLE, WASHINGTON 98122-5137
(206) 388-4498

46. A notice of infringement and cease-and-desist letter in regard to the '842 Patent and '489 Patent was sent to Defendant Power Mobile Life on October 13, 2022. Defendant Power Mobile Life has not responded to the October 13, 2022, correspondence.

47. Defendants Anker Innovations Company, Anker Innovations, Anker Technology, Fantasia Trading, and Power Mobile Life collectively ("Group I Defendants" manufacture, sell, offer to sell, provide, or import the Accused Products including but not limited to the "eufy" branded products. Exhibit E shows a web site information showing the relationship with eufy® brand under the umbrella of Fantasia Trading LLC. This information is also available at the bottom of the page at https://www.anker.com. (Accessed April 3, 2023). Exhibit F shows the Anker's web site information listing its U.S. office located at the same address as Fantasia Trading and Power Mobile Life. This information is also available at https://en.anker-in.com/contact/. (Accessed April 3, 2023)

48. Group I Defendants provide a network monitoring device with an image, and the Group I Defendants also provides an App for consumers to scan the image for establishing a P2P connection. Exhibit G and Exhibit H show the Group I Defendants' supporting documents for establishing a P2P connection by scanning an image with an App. (Accessed April 3, 2023)

49. Defendants Amazon, Home Depot, Micro Center, Target, Lowe's and Walmart (collectively as "Group II Defendants"), sell, facilitate to sell, offer to sell, and/or facilitate to offer to sell the Accused Products on behalf of at least one of the Group I Defendants in United States.

50. Each of the Group II Defendants is a retailer or an authorized retailer for the Accused Products for at least one of the Group I Defendants. Exhibit I shows that each of the Group II Defendants is a retailer or an authorized retailer for the Accused Instrumentalities from at least one of the Group I Defendants.

**COUNT I**

**DIRECT INFRINGEMENT OF THE '842 AND '448 PATENTS**

51. All preceding paragraphs are incorporated by reference as if fully set forth herein.



LAW OFFICE OF
CARL J. MARQUARDT, PLLC
1126 34TH AVENUE, SUITE 311
SEATTLE, WASHINGTON 98122-5137
(206) 388-4498

52. Defendants directly infringe the '842 and '448 Patents by manufacturing, selling, or offering to sell the Accused Products in the United States, and by importing the Accused Products into the United States, and use and practice the methods recited and claimed in the Patents in Suit with the Accused Products.

53. Defendants have continued manufacturing, selling, offering to sell, and importing the Accused Products which are used to practice the method recited and claimed in the Patents in Suit.

54. Defendants have continued using and practicing the patented methods recited in the Patents in Suit by manufacturing, selling, offering to sell, or importing and using the Accused Products.

55. Defendants' continued use of the patented systems and methods constitutes infringement of the '842 and '448 Patents under 35 U.S.C. § 271(a).

**COUNT II**

**INDUCING INFRINGEMENT OF THE '842 AND '448 PATENTS**

56. All preceding paragraphs are incorporated by reference as if fully set forth herein.

57. Defendants actively induce infringement of the '842 and '448 Patents by selling, facilitating to sell, offering to sell, and/or facilitating to offer to sell the Accused Products to consumers who use the Accused Devices and practice the methods recited in the Patents in Suit.

58. By selling, facilitating to sell, offering to sell, and/or facilitating to offer to sell the Accused Products to consumers, Defendants induce consumers to use the system and methods recited and claimed in the Patents in Suit without proper license or authorization from the Plaintiff.

59. Defendants have continued inducing consumers to use the systems and methods recited and claimed in the Patents in Suit without proper license or authorization from the Plaintiff by continuing selling, facilitating to sell, offering to sell, and facilitating to offer to sell the Accused Products to consumers.



LAW OFFICE OF
CARL J. MARQUARDT, PLLC
1126 34TH AVENUE, SUITE 311
SEATTLE, WASHINGTON 98122-5137
(206) 388-4498

60. Defendants' past and continued inducement of consumers to use the systems and methods recited and claimed in the Patents in Suit without proper license or authorization from Plaintiff constitutes infringement of the '842 and '448 Patents under 35 U.S.C. § 271(b).

**COUNT III**

**CONTRIBUTORY INFRINGEMENT OF THE '842 AND '448 PATENTS**

61. All preceding paragraphs are incorporated by reference as if fully set forth herein.

62. Defendants provide consumers with components of the systems and a software application, which is offered to consumers to downloaded onto a smart phone. The Accused Products used in combination with the software application use the patented methods recited in the '842 and '448 Patents of completing the P2P connection via an image, and the waking up remotely as recited in the '842 and '448 Patents.

63. The Accused Products are sold solely for the purpose of practicing the patented methods that are recited in the '842 and '448 Patents and are not a staple article or commodity of commerce suitable for substantial non-infringing use.

64. Defendants have continued to contributorily infringe the patented method by selling, facilitating to sell, offering to sell, and/or facilitating to offer to sell the Accused Products which are to be used with a software application that is operated on consumers' phones in order to establish the P2P connection via an image.

65. Defendants offer to sell, sell and import into the United States components of the systems and provide the software application that are material parts of the inventions that are recited and claimed in the '842 and '448 Patents.

66. Defendants know that such components were made or adapted for use to infringe of the '842 and '448 Patents.

67. Defendants are liable for contributory infringement of the '842 and '448 Patents under 35 U.S.C. § 271(c).



LAW OFFICE OF
CARL J. MARQUARDT, PLLC
1126 34TH AVENUE, SUITE 311
SEATTLE, WASHINGTON 98122-5137
(206) 388-4498

**COUNT IV**

**WILLFUL INFRINGEMENT OF THE '842 AND '448 PATENTS**

68. All preceding paragraphs are incorporated by reference as if fully set forth herein.

69. On information and belief, Defendant Power Mobile Life has actual notice of infringement of the '842 and '448 Patents.

70. Notwithstanding such notice, on information and belief, Defendant Power Mobile Life has deliberately continued to infringe the patented systems and methods by selling, facilitating to sell, offering to sell, and/or facilitating to offer to sell the Accused Products in the United States, and/or importing the Accused Products into the United States and inducing its customers to practice the inventions recited and claimed in the Patents in Suit.

71. Defendant Power Mobile Life has continued sales, offers for sale, and facilitating the offer of sale of the Accused Products in the United States, and/or importing the Accused Products into the United States and continued to induce its customers to practice the inventions recited and claimed in the Patents in Suit, which constitutes willful infringement of the '842 and '448 Patents.

72. Defendant Power Mobile Life knew or should have known this objectively high likelihood of infringement based on the information provided in the prior notification.

73. On information and belief, as Defendant Power Mobile Life is affiliated and/or has a close business relationship with other co-Defendants, and therefore the co-Defendants knew or should have known this objectively high likelihood of infringement based on the information provided in the prior notification to Power Mobile Life.

**PRAYER FOR REPLIEF**

**WHEREFORE**, ThroughTEK requests judgment against Defendants as follows:

A. Adjudging that Defendants have directly infringed, actively induced infringement of, and/or contributorily infringed the '842 and '448 Patents in violation of 35 U.S.C. § 271(a), 271(b), and/or 271(c);



LAW OFFICE OF
**CARL J. MARQUARDT, PLLC**
1126 34TH AVENUE, SUITE 311
SEATTLE, WASHINGTON 98122-5137
(206) 388-4498

B. Granting an injunction preliminarily and permanently enjoining Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns and all of those in active concert and participation with any of the foregoing persons or entities from infringing, contributing to the infringement of, or inducing infringement of the ‘842 and ‘448 Patents pursuant to 35 U.S.C. §283;

C. Ordering Defendants to account and pay damages adequate to compensate ThroughTEK for Defendants’ infringement of the ‘842 and ‘448 Patents, including pre-judgment and post-judgment interest and costs, pursuant to 35 U.S.C. § 284;

D. Ordering an accounting for any infringing sales not presented at trial and an award by the court of additional damages for any such infringing sales.

E. Finding Defendant Power Mobile Life has willfully infringed the ‘842 and ‘448 Patents, and awarding Plaintiff all allowable damage for their willful infringement, including but not limited to an award of three times Plaintiff’s actually damages pursuant to 35 U.S.C. § 284;

F. Declaring this case exceptional and awarding ThroughTEK its reasonable attorney fees, pursuant to 35 U.S.C. § 285; and

G. Awarding such other and further relief as this Court deems just and proper.

## JURY DEMAND

The Plaintiff demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.



LAW OFFICE OF
**CARL J. MARQUARDT, PLLC**
1126 34TH AVENUE, SUITE 311
SEATTLE, WASHINGTON 98122-5137
(206) 388-4498

DATED this 4th day of April, 2023.

LAW OFFICE OF CARL J. MARQUARDT, PLLC

By: */s/ Carl J. Marquardt*

Carl J. Marquardt (WSBA #23257)
1126 34th Avenue, Suite 311
Seattle, WA 98122
Tel. 206-388-4498
carl@cjmpllc.com

Attorney for Plaintiff